■ JACK GOLDBLATT et al., Appellants, v. WM. S. MERRELL COMPANY et al., Respondents. EDWARD T. PARSONS et al., Appellants, v. WM. S. MERRELL COMPANY et al., Respondents.— Order, entered January 21, 1964, unanimously modified, on the law, on the facts, and in the exercise of discretion, to provide that the denial of plaintiffs' motion for an order consolidating the two subject actions shall be without prejudice and to deny without prejudice the cross motion of the defendants for a severance of the separate claims and causes of action alleged in the complaints in the two actions; and order otherwise affirmed, without costs and without disbursements. In addition to the two subject actions, there are numerous other actions pending in New York and Bronx Counties to recover damages arising out of alleged personal injuries in the ingestion of the drug Mer 29. We have granted a motion directing that all proceedings and matters in all these actions, to and including the final determination thereof, shall be assigned to a single Justice to hear and determine. (See Motion No. 93, decided herewith.) The plaintiffs' motion to consolidate and the defendants' cross motion for severance may in due course, upon leave granted by said Justice, be renewed before him. Depending upon what may develop during the course of pretrial procedures, it may appear that many of the causes of action should be consolidated or jointly tried, or, on the other hand, that certain of the causes of action set forth in the complaints in the subject actions should be severed and tried separately or with other similar causes. Settle order on notice. This is a motion [No. 93] for the assignment of one Justice of the Supreme Court to preside over, hear and determine all motions, applications, proceedings and other matters in connection with approximately 180 separate causes of action which are the subject of numerous actions in the Supreme Court, New York and Bronx Counties, to recover damages arising out of alleged personal injuries and alleged wrongful death in the ingestion of the drug Mer 29. The orderly administration of justice requires that a single Justice of the Supreme Court be given jurisdiction over and supervise and preside over all phases of all such actions, including all actions hereafter brought upon causes of action arising out of the use of the said drug. He should be assigned to preside over, hear and determine all proceedings and matters in the actions to and including the final determination of the actions. All motions and pretrial procedures of every kind and nature in the actions should be referred to, be supervised and disposed of by him. He should be further assigned to supervise all matters incidental to the trial of the actions and should preside at any and all necessary trials thereof. He should be designated to hold a Special and Trial Term of the Supreme Court in the County of New York and in the County of Bronx. (See Judiciary

Law, § 86.) The request of certain plaintiffs that terms and conditions be imposed as the basis for general availability and use by all parties of work product and pretrial material developed by a group of plaintiffs is noted and denied, without prejudice to the power and discretion in the premises of the Justice assigned to have jurisdiction over these actions. Settle order on notice to parties appearing on this motion, the order to designate HON. SAUL S. STREIT to hold Trial and Special Term, Part IX, in which all such motions and matters shall be heard and to which all trials shall be assigned. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.