■ NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, as Assignee of VINCENT DERENZO, et al., Appellants, v AIU INSURANCE COMPANY, Respondent. [779 NYS2d 503]—

In an action to recover no-fault benefits under an insurance contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph,

J.), dated July 7, 2003, as denied that branch of their motion which was for summary judgment on the first and second causes of action to recover no-fault benefits for medical services rendered by the plaintiff New York Hospital Medical Center of Queens.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Supreme Court erred in denying the plaintiffs' motion for summary judgment on the first and second causes of action on the ground that the hospital facility forms submitted by the plaintiffs lacked necessary signatures. The defendant's failure to object to the completeness of the hospital facility forms within 10 days of receipt constituted a waiver of any defenses based thereon (*see New York & Presbyt. Hosp. v American Tr. Ins. Co.*, 287 AD2d 699, 701 [2001]; *Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 17 [1999]; *St. Clare's Hosp. v Allcity Ins. Co.*, 201 AD2d 718, 720 [1994]). In opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]), the defendant failed to raise a triable issue of fact (*see New York & Presbyt. Hosp. v Allstate Ins. Co.*, 295 AD2d 412 [2002]; *cf. Hospital for Joint Diseases v Nationwide Mut. Ins. Co.*, 284 AD2d 374, 375 [2001]).

As the plaintiffs established their entitlement to the no-fault benefits, as well as to statutory interest and attorney's fees (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-4.6), we remit the matter to the Supreme Court, Nassau County, to calculate the amount owed to the plaintiff for no-fault benefits, statutory interest, and attorney's fees. S. Miller, J.P., Adams, Cozier and Rivera, JJ., concur.