■ NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS et al., Plaintiffs, and ST. LUKE'S ROOSEVELT HOSPITAL et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [779 NYS2d 548]—

In an action to recover no-fault medical payments under certain insurance contracts, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated July 29, 2003, as granted that branch of the plaintiffs' motion which was for summary judgment on the second, third, and fourth causes of action, and (2) from a judgment of the same court, entered August 21, 2003, which, upon the order, is in favor of the plaintiffs St. Luke's

Roosevelt Hospital, New York and Presbyterian Hospital, Mary Immaculate Hospital, and St. John's Hospital-Catholic Medical Center and against it in the principal sum of $14,043.92.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In support of their motion for summary judgment, the respondents submitted proof, inter alia, with respect to the second, third, and fourth causes of action, that they mailed and the appellant received the hospital facility forms for the related claims demonstrating the amounts of loss sustained, and that the appellant failed to either pay or deny each respective claim within the 30-day statutory period under Insurance Law § 5106 (a). Accordingly, the respondents established their prima facie entitlement to judgment as a matter of law on their claims, including statutory interest and an award of an attorney's fee (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *St. Luke's Roosevelt Hosp. v American Tr. Ins. Co.,* 1 AD3d 498 [2003]).

In opposition, the appellant failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The affidavits submitted by the appellant failed to establish that it mailed the requests for verification of the assignments upon which the respondents' claims were based (*see Hospital for Joint Diseases v Nationwide Mut. Ins. Co.,* 284 AD2d 374, 375 [2001]). Thus, the appellant's objections to the claims on the basis of lack of proof of the assignments were without merit (*see* 11 NYCRR 65.15 [d]; *St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718 [1994]).

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the second, third, and fourth causes of action.

The parties' remaining contentions either are academic or without merit. Krausman, J.P., Luciano, Cozier and Spolzino, JJ., concur.