OPINION OF THE COURT
Ann Elizabeth O’Shea, J.
Plaintiffs A.B. Medical Services PLLC and LVOV Acupuncture PC. instituted this action to recover first-party, no-fault benefits for medical services rendered to their assignor, Danny Arenas, *334 who was injured in an automobile accident on March 7, 2003. Plaintiffs provided medical services to Mr. Arenas between March 24, 2003 and June 5, 2003. Each of the plaintiffs made several claims for payment. Only four of those claims are in issue here, each originating from plaintiff A.B. Medical.
Under the no-fault insurance regulations, an insurer must pay or deny a claim within 30 days after it receives a properly completed proof of claim (11 NYCRR 65-3.8 [c]). While an insurer may request additional information to verify a claim, it must do so within 15 days after receiving the proof of claim (11 NYCRR 65-3.5 [b]), and it must then pay or deny the claim within 30 days after receipt of the requested information (11 NYCRR 65-3.8 [a] [1]; [c]).
In order to establish a prima facie case of entitlement to summary judgment on its claims for first-party, no-fault benefits, a plaintiff medical provider need only provide proof that it submitted and defendant received a properly completed claim form, including a “properly executed” assignment of benefits (11 NYCRR 65-3.11 [b] [2]), and that defendant did not pay or deny the claim within 30 days after its receipt of the proof of claim or of additional information in response to a timely request for verification (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]; New York Hosp. Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2d Dept 2004]).
All four claims were denied on the asserted ground that the services provided were not medically necessary. The forms denying three of the four claims in issue were dated more than 30 days after defendant had received complete proofs of claim. One — for $604.24 — was received by defendant on April 29, 2003, and the denial form is dated June 3, 2003, 35 days after the claim was received. A claim for $240 and another for $1,972.08 were received by defendant on June 11, 2003; the denial form for each of those is dated July 22, 2003, 41 days after receipt of the claim. The fourth claim, for $360, was received by defendant on April 14, 2003. Although the denial form is dated May 14, 2003, exactly 30 days after receipt of the claim, the envelope in which the denial was mailed is postmarked May 19, 2003, 35 days after receipt of the claim. In that situation, the operative date for determining the timeliness of the denial must be the date on which the denial was mailed, not the date stated on the denial form (accord Damadian MRI in Canarsie v Countrywide Ins. Co., 194 Misc 2d 708 [2003]). To conclude otherwise would undermine the primary goal of the no-fault system, which is the *335 prompt consideration and processing of claims for losses resulting from automobile accidents (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003]), permit unwarranted delays in the notification of the denial, or encourage the backdating of denials.
Despite the untimeliness of its denials, defendant contends that the assignment of benefits submitted by plaintiff in conjunction with its proofs of claim is deficient because it is undated and the signature of the purported assignor is unauthenticated. While the no-fault regulations require that a proof of claim include a “properly executed” assignment of benefits (11 NYCRR 65-3.11 [b] [2]), the Appellate Term has rejected the argument that the signature on an assignment of benefits must be authenticated for a plaintiff to meet its prima facie burden on a motion for summary judgment (see Ocean Diagnostic Imaging P.C. v Lumbermens Mut. Cas. Co., 3 Misc 3d 137[A], 2004 NY Slip Op 50510DJ] [2004], revg Ocean Diagnostic Imaging P.C. v Lumbermens Mut. Cas. Co., Civ Ct, Kings County, July 7, 2003, Sweeney, J., Index No. 75326/02). There is no principled reason why the absence of a date on an assignment should be treated differently from the absence of an authentication of the signature (but see A.B. Med. Servs, v American Tr. Ins. Co., Civ Ct, Kings County, Apr. 13, 2004, Gesmer, J., Index No. 69587/03). Defendant had the opportunity to object to the form or sufficiency of the assignment and to request the original assignment pursuant to its right to seek verification of the claim at the claims stage of the proceeding (see 11 NYCRR 65-3.5 [a]-[c]; 65-3.11 [c]). Its failure to do so results in a waiver of any defense based upon an asserted infirmity in the assignment (New York Hosp. Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640, 641 [2d Dept 2004]; Ocean Diagnostic Imaging P.C. v Lumbermens Mut. Cas. Co., 3 Misc 3d 137[A], 2004 NY Slip Op 50510[U]), or on any other asserted deficiency in the claim (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]; Montefiore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 9 AD3d 354 [2d Dept 2004]; Presbyterian Hosp. v Aetna Cas. & Sur. Co., 233 AD2d 433 [2d Dept 1996]), as well as any defense based upon lack of medical necessity (see e.g. Liberty Queens Med., P.C. v Liberty Mut. Ins. Co., 2002 NY Slip Op 40420[U] [App Term, 2d & 11th Jud Dists, June 27, 2002]).
Having submitted proof that it mailed and defendant received its claim forms demonstrating the amount of the loss sustained and that defendant failed to request verification of the assign *336 ments or claims or to pay or deny those claims within the applicable time limits, plaintiff established its prima facie entitlement to summary judgment on each of its claims (see New York Hosp. Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640, 641 [2d Dept 2004]). Since defendant is precluded from raising any defense with respect to the sufficiency of the claim forms or the medical necessity of the services provided, there are no issues of fact or law that remain in dispute.
Accordingly, plaintiffs’ motion for partial summary judgment is granted.