*63 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Plaintiff health care provider made out a prima facie showing of entitlement to recover no-fault benefits for services rendered to its assignor by the submission of proof that the statutory claim forms had been mailed and received, and that defendant did not pay or deny the claims within the prescribed 30-day period (see Insurance Law § 5106 [a]; New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2004]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). In opposition to plaintiffs motion for summary judgment, defendant has failed to raise a triable issue of fact.
Defendant’s denial of benefits form indicates that defendant received plaintiffs claim on October 5, 2001, and that it did not deny the claim until December 19, 2001, which was beyond the statutorily prescribed 30-day period (see 11 NYCRR 65.15 [g] [3]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278 [1997]). Although the 30-day statutory period may be extended by a verification request (11 NYCRR 65.15 [d] [1], [2]), there was no proof submitted in admissible form that the alleged verification requests were mailed (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; Amaze Med. Supply v Colonial Penn Ins. Co., 3 Misc 3d 135[A], 2004 NY Slip Op 50471[U] [App Term, 2d & 11th Jud Dists 2004]).
Despite the untimely denial of plaintiffs claim, defendant is not precluded from asserting the defense that the alleged injuries were not causally related to the accident, which was the sole ground for defendant’s denial of no-fault benefits (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11, 18-19 [1999]). The affidavit of defendant’s claims representative, however, was insufficient to demonstrate that defendant’s denial was based upon a “founded belief that the alleged injuries] do[ ] not arise out of an insured incident” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d at 199). Moreover, the unsworn “Automotive Engineering Report,” attached thereto, did not constitute competent proof in admissible form (see Dotzel v Allstate Ins. Co., 2003 NY Slip Op 50853[U] [App Term, 9th & 10th Jud Dists 2003]), and defendant failed to *64 proffer an acceptable excuse for failure to tender such proof in admissible form (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]; Allstate Ins. Co. v Keil, 268 AD2d 545 [2000]). Accordingly, since defendant failed to raise any triable issue of fact, plaintiffs motion for summary judgment was properly granted.