OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed without costs.
In this action to recover assigned no-fault benefits, plaintiffs submitted the affidavit of David Safir, wherein he states that he is the “practice and medical billing manager of plaintiff.” The affidavit is insufficient to establish that plaintiffs provided defendant with properly completed claim forms (see A.B. Med. Servs. v Allstate Ins. Co., 3 Misc 3d 129[A], 2004 NY Slip Op 50373[U] [App Term, 2d & 11th Jud Dists 2004]). Accordingly, plaintiffs failed to establish a prima facie entitlement to no-fault benefits and their motion for summary judgment was properly denied.
We note that the trial court denied plaintiffs’ motion for summary judgment on the ground that plaintiffs did not submit admissible proof authenticating the signature of plaintiffs’ assignor on the assignment form. The insurance regulations, however, do not require that a claimant’s signature be authenticated. Pursuant to the insurance regulations, a health care provider is only required to submit to the insurer a “properly executed assignment” on (1) the prescribed verification of treatment by the attending physician or other provider of service form (NYS form NF-3), or (2) the prescribed verification of hospital treatment form (NYS form NF-4), or the prescribed hospital facility form (NYS form NF-5), or (3) the prescribed no-fault assignment of benefits form (NYS form NF-AOB) (11 NYCRR 65-3.11 [b] [2]). A health care provider thus satisfies its burden by proof of submission of an assignment to the insurer that conforms to the regulations.
We further observe that defendant’s failure to seek verification of the assignment, or to allege any deficiency in the assignment in its denial of claim form, constitutes a waiver of any defenses with respect thereto (see New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2004]; Presbyterian Hosp. v Aetna Cas. & Sur. Co., 233 AD2d 433 [1996]; Diagnostic Rehab. Med. Serv. P.C. v Travelers Indem. *72 Co., 6 Misc 3d 68 [2004]; Park Health Ctr. v Eveready Ins. Co., 2001 NY Slip Op 40665[U] [App Term, 2d & 11th Jud Dists 2001]).
Pesce, P.J., Aronin and Patterson, JJ., concur.