OPINION OF THE COURT
Ellen Gesmer, J.
This case presents squarely the question of whether an assignment is an essential element of a claim for first-party no-fault benefits, and whether the failure to include it is a waivable defect. For the reasons set forth below, the court holds that an *889 assignment is an essential element of a claim for no-fault benefits, which cannot be waived.
In this action, the verified complaint alleges that Melvin Reyes was injured in a car accident on May 12, 2003 and received treatment from plaintiff to whom he assigned his rights to benefits under No-Fault Insurance Law § 5101 et seq. Plaintiff brings this action, as the assignee of Mr. Reyes, to recover $3,080 in first-party no-fault benefits. Plaintiff moves for summary judgment, and defendant opposes it, because of plaintiffs failure to establish that it submitted an assignment of benefits to defendant with its notice of claim. Plaintiff contends that submission of an assignment of benefits is not part of its prima facie case and that any objections to the assignment are waived if not asserted in the defendant’s denial. Here, defendant concededly did not object in its denial to plaintiffs failure to include an assignment in its proof of claim.
In making its argument, plaintiff relies on New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co. (8 AD3d 640 [2d Dept 2004]). That case would appear to support plaintiffs position. There, the Appellate Division held that the insurance company’s failure to prove that it had mailed timely requests for verification of the assignments upon which the respondents’ claims were based prevented it from objecting to the claims “on the basis of lack of proof of the assignments.” (At 641; see also New York Hosp. Med. Ctr. of Queens v AIU Ins. Co., 8 AD3d 456 [2d Dept 2004].) Recently, citing New York Hosp. Med. Ctr., the Appellate Term for the 2d and 11th Judicial Districts reversed a trial court which had dismissed a no-fault case because the plaintiff had submitted an assignment which did not designate an assignee (Diagnostic Rehab. Med. Serv. PC v Travelers Indent. Co., 6 Misc 3d 68 [App Term, 2d & 11th Jud Dists 2004]). Specifically, the Appellate Term held (at 69) that the defendant insurer, “having failed to seek additional verification or allege any deficiency in the assignment in its denial of claim form, had waived any defenses with respect thereto.”
In its decision, the Appellate Term also overruled its own prior decision in A.B. Med. Servs. PLLC v Progressive Ins. (2003 NY Slip Op 50790DJ], *1 [App Term, 2d & 11th Jud Dists 2003]), in which it had affirmed the denial of a plaintiff medical provider’s motion for summary judgment on the ground that the “purported assignment” did not bear the name of any assignee. Strikingly however, the Appellate Term did not disown *890 its decision in A.B. Med. Servs. PLLC v State Farm Mut. Auto. Ins. Co. (4 Misc 3d 141 [A], 2004 NY Slip Op 51031[U] [App Term, 9th & 10th Jud Dists 2004]). In that case, decided three months after New York Hosp. Med. Ctr. (8 AD3d 640 [2004]), the Appellate Term reversed the grant of a plaintiffs motion for summary judgment finding, inter alia, that one of the plaintiffs had failed to prove its prima facie case because the record did not contain an assignment. The Appellate Term reached that result even though the decision does not indicate that the defendant asked for verification of the assignment or issued a timely denial on that basis. This court concludes that A.B. Med. Servs. v State Farm Mut. Auto. Ins. Co. (4 Misc 3d 141[A], 2004 NY Slip Op 51031[U] [App Term, 9th & 10th Jud Dists 2004]) is still good law, both because the Appellate Term did not overrule it and because, for the reasons set forth below, it is consistent with governing precedent. Applying that decision to this case, this court must deny plaintiffs motion for summary judgment since it failed to prove that it included an assignment in its notice of claim.
The continued validity of A.B. Med. Servs. (4 Misc 3d 141[A], 2004 NY Slip Op 51031[U]), notwithstanding the Appellate Division decision in New York Hosp. Med. Ctr. (8 AD3d 640 [2004]), is entirely consistent with the policies and principles stated in Central Gen. Hosp. v Chubb Group of Ins. Cos. (90 NY2d 195 [1997]). In that case, the Court of Appeals held that a defense of noncoverage cannot be waived in a no-fault case, even if the insurer fails to raise it in its denial. That decision extended to the no-fault context the Court’s holdings in Zappone v Home Ins. Co. (55 NY2d 131 [1982]) and Schiff Assoc, v Flack (51 NY2d 692 [1980]) that the defense of noncoverage could not be waived in cases concerning liability policies and professional indemnity insurance. The underlying theory of all of these cases is that if the insurer is not liable to the alleged insured under the contract of insurance, then contractual liability cannot be created by waiver (Schiff Assoc, v Flack, 51 NY2d 692, 698 [1980]; Zappone v Home Ins. Co., 55 NY2d 131, 135-136 [1982]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 201 [1997]). The Court of Appeals explained that, if for example, the insurance company had no contract of insurance at all with the alleged insured, or had no contract with its insured concerning the vehicle in the accident, then “there simply is no insurance at all and, therefore, no obligation to disclaim or deny.” (Zappone v Home Ins. Co., 55 NY2d 131, 139 [1982].)
*891 An assignment essentially extends the rights created by contract from the assignor to the assignee, so the assignee can sue on behalf of its assignor only if it has a valid assignment. Accordingly, the insurance company has no contractual obligation to the assignee in the absence of a valid assignment. Consequently, if the absence of an assignment could be waived by the insurance company’s failure to raise it, then contractual liability between the insurance company and the assured’s assignee would be created by waiver. But that should not be permitted, just as the courts do not permit a contractual obligation between the insurance company and its alleged insured to be created by waiver (Schiff Assoc, v Flack, 51 NY2d 692, 698 [1980]; Zappone v Home Ins. Co., 55 NY2d 131, 135-136 [1982]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 201 [1997]). Therefore, when no assignment is tendered, the insurance company has no contractual obligation to the assignee, and its objections to the absence of the assignment cannot be waived.
In this case, there simply was no assignment. Plaintiff did not attach one to its moving papers or to its reply papers. Therefore, plaintiff has failed to establish that defendant has any contractual obligation to it, and the court cannot grant summary judgment in its favor.