OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed without costs.
In this action to recover first-party no-fault benefits for medical services rendered to its assignor, plaintiff health care providers established a prima facie entitlement to summary judgment by proof of submission of the statutory claim forms, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Furthermore, defendant’s delay letters, acknowledging receipt of the bills submitted by plaintiff Daniel Kim’s Acupuncture EC. totaling $1,860.56, adequately established that said plaintiff sent, and that defendant received, these respective claims (see A.B. Med. Servs. v New York Cent. Mut. Fire Ins. Co., 3 Misc 3d 136[A], 2004 NY Slip Op 50507[U] [App Term, 2d & 11th Jud Dists 2004]). There was also proper proof of mailing of the claim for $935 submitted by plaintiff Somun Acupuncture EC. (see Amaze Med. Supply v Allstate Ins. Co., 3 Misc 3d 133[A], 2004 NY Slip Op 50447[U] [App Term, 2d & 11th Jud Dists 2004]).
While an insurer’s failure to timely pay or deny the claim within the 30-day statutory period precludes it from asserting most defenses (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]), the apparently timely denial of plaintiff A.B. Medical’s claim for $1,972.08 does not relieve defendant from the necessity of submitting proof in admissible form in opposition to plaintiffs motion for summary judgment (see e.g. A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]).
*16 The court denied plaintiffs’ motion for summary judgment on the ground that plaintiffs did not submit admissible proof authenticating the signature of plaintiffs’ assignor on the assignment forms. However, the lack of authentication of the assignor’s signature, in and of itself, does not constitute a defect in the absence of any statutory or regulatory requirement for the same (A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 6 Misc 3d 70 [App Term, 2d & 11th Jud Dists 2004]). Even assuming arguendo that a lack of authentication constitutes a cognizable defect, defendant’s failure to seek verification of the assignments, or to allege any deficiency in the assignments in its denial of claim forms, constitutes a waiver of any defenses with respect thereto (see id.; New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2004]; Presbyterian Hosp. v Aetna Cas. & Sur. Co., 233 AD2d 433 [1996]; Park Health Ctr. v Eveready Ins. Co., 2001 NY Slip Op 40665[U] [App Term, 2d & 11th Jud Dists 2001]).
We note that the revised insurance regulations, applicable to claims submitted on or after April 5, 2002, “no longer permit the assignment to health care providers of benefits for non-health-related services (typically housekeeping and transportation expenses) (11 NYCRR 65-3.11 [a]; Insurance Law § 5102 [a] [1])” (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 871 [2003]). Accordingly, while “[s]uch reasonable and necessary expenses remain reimbursable (see Insurance Law § 5102 [a] [3] . . . [they are] nonassignable” (id.). The record herein indicates that plaintiff Square Synagogue Transportation Inc. submitted its transportation costs prior to the effective date of the revised regulations.
Despite its untimely denial of most of plaintiffs’ claims, defendant is not precluded from asserting the defense that the alleged injuries do not arise out of a covered accident (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 201 [1997]). The affidavit submitted by defendant’s litigation coordinator, and the accompanying examinations under oath, were sufficient to demonstrate that defendant’s denial was based upon a “founded belief that the alleged injuries] do[ ] not arise out of an insured incident” (Central Gen. Hosp., 90 NY2d at 199). Accordingly, since defendant demonstrated the existence of a triable issue of fact as to whether there was a lack of *17 coverage (see id.; Zuckerman v City of New York, 49 NY2d 557 [1980]), plaintiffs’ motion for summary judgment was properly denied.
Pesce, EJ., Patterson and Rios, JJ., concur.