■ STATE FARM FIRE AND CASUALTY COMPANY, Respondent, v DAYCO PRODUCTS, INC., Appellant. (And Four Other Related Actions.) [798 NYS2d 159]—

Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 29, 2004 in Saratoga County, which, inter alia, denied defendant's motions for severance and a change of venue.

Plaintiff commenced five actions in which it asserted, in the aggregate, 9,413 subrogated products liability claims against de-

fendant and other corporations.[1] The five actions are nearly identical, as each seeks reimbursement for payments made to its insureds resulting from property damage caused by the deterioration and rupture of a rayon reinforcement lining of a washing machine inlet hose manufactured by defendant. After joinder of issue in the first two actions, defendant moved for severance of the individual subrogated claims and corresponding changes of venue. Supreme Court deferred decision on that motion until additional discovery was conducted to determine whether there were common questions of law and fact. While discovery proceeded, plaintiff commenced the remaining actions, again alleging subrogated damages from the same defective product, and defendant made additional motions for severance and changes of venue.[2]

Supreme Court found that because defendant failed to demonstrate prejudice or undue delay and because severance would unduly burden other courts, potentially resulting in inconsistent verdicts and unnecessary appeals, the commonality of the claims warranted its denial of the motions. Defendant appeals and we affirm.[3]

It is well settled that the determination to grant or deny a severance is a matter of judicial discretion which will not be disturbed on appeal absent an abuse of discretion or a showing of prejudice effecting a substantial right of the moving party (*see Shanley v Callanan Indus.*, 54 NY2d 52, 57 [1981]; *Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744, 746 [2003]; *Finning v Niagara Mohawk Power Corp.*, 281 AD2d 844, 844 [2001]; *Hempstead Gen. Hosp. v Liberty Mut. Ins. Co.*, 134 AD2d 569, 569-570 [1987]). In light of the Court of Appeals' guidance that a deter-

1. Plaintiff has voluntarily discontinued 1,794 of these claims against defendant, leaving an aggregate of 7,619 subrogated claims. With the exception of defendant, all other named defendants settled their claims.

2. As to the fifth action, defendant made a motion seeking an order dismissing the complaint in its entirety; that motion was denied. Since the merits of that denial were not independently addressed in defendant's brief to this Court, we deem the challenge abandoned (*see Lehigh Portland Cement Co. v Assessor of Town of Catskill*, 263 AD2d 558, 560 [1999]).

3. While this appeal was pending, Supreme Court granted plaintiff's motion for partial summary judgment on the issue of liability in action Nos. 3 and 4 based on the collateral estoppel effect of a California decision (*see Fireman's Fund Ins. Co. v Whirlpool Corp.*, 2002 WL 228208, 2002 Cal App Unpub LEXIS 3880 [Ct App, 2d App Dist, Feb. 15, 2002]). Plaintiff contends that based thereon, it will seek a similar judgment in the remaining actions. Both parties concede, however, that the only issue before this Court is whether Supreme Court acted within its discretion in denying the motions for severance at this stage of the actions.

mination to grant a severance "should be exercised sparingly" (*Shanley v Callanan Indus., supra* at 57), and that "[w]here complex issues are intertwined, albeit in technically different actions, it would be better not to fragment trials, but to facilitate one complete and comprehensive hearing and determine all the issues involved between the parties at the same time" (*id.*), we find no basis upon which we would disturb the determination rendered.

Here, plaintiff, as subrogee, is the real party in interest as to each claim because it paid its insureds an agreed sum for the losses they suffered (*see United States v Aetna Casualty & Surety Co.*, 338 US 366, 380-381 [1949]; *Dominion Ins. Co. v State of New York*, 305 AD2d 779, 781 [2003]; *Delta Trading Corp. v Effective Plumbing Corp.*, 259 AD2d 346, 347 [1999]; *Compton v D'Amore*, 101 AD2d 800, 801 [1984]). With CPLR 601 (a) authorizing a plaintiff to "join as many claims as he may have against an adverse party," we find no abuse of discretion in the failure to sever these claims because each arose from a common nucleus of facts (*see Finning v Niagara Mohawk Power Corp., supra* at 844-845). In these actions, as well as the similar subrogation claims that plaintiff has commenced around the country, it is alleged that the same model hose, manufactured by defendant, was utilized and that property damage occurred as a result of its deterioration and rupture. Testimony in these actions from defendant's quality assurance manager, Robert Bonge, as well as plaintiff's expert, H. James Royston, confirm that the deterioration of this lining was the cause of the multiple rubber hose failures. Royston also stated, when presented with the issue of severance, that even if there were separate trials for each of these subrogated claims, his testimony would be "identical in each case because the failure mechanism in each case is virtually identical. The failure mechanism is due to the construction and the materials used in the rayon reinforced washing machine inlet hoses and not due to any other factors such as abuse, misuse or improper installation." Reading CPLR 601 (a) "liberally to permit the broadest possible joinder" (Weinstein-Korn-Miller, NY Civ Prac ¶ 601.05), and seeking to avoid inconsistent verdicts, we find that common questions of law and fact support the denial of severance (*see Shanley v Callanan Indus., supra* at 57; *Aviyon Med. Rehabilitation, P.C. v Allstate Ins. Co.*, 4 Misc 3d 1011[A], 2004 NY Slip Op 50819[U], *2 [2004]; *cf. Weiss v Meiselman*, 155 AD2d 531, 532 [1989]).[4]

Defendant's argument that prejudice may result from juror

---

4. In so deciding, we note that Supreme Court may, pursuant to CPLR 603, "[i]n furtherance of convenience or to avoid prejudice," separate or sever

confusion due to the aggregation of such claims, thereafter listing 27 possible issues that could arise as to each claim, is speculative at best. Had severance been granted and the claims tried separately, evidence of defendant's liability due to the hose's rupture from any other action would likely be admissible at these severed trials (*see Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]).

Nor do we find merit to defendant's claim that a denial of the severance motions violates its due process rights by claiming that a conflict of laws with New York's choice of law rules will create "a judicial quagmire." As this issue was not raised prior to this appeal, it is unpreserved for review.[5] Moreover, with the venue designated being entirely proper and with defendant having failed to meet its burden of demonstrating that a change is appropriate (*see* CPLR 510; *Manchester Tech. v Hansen*, 6 AD3d 806, 807 [2004]), no further review is required.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

the damages issue in this action should it deem it necessary after the conclusion of discovery (*see generally Rickenbacher Transp. v Pennsylvania R.R. Co.*, 3 FRD 202 [1942]).

5. Notably, in response to plaintiff's motion for partial summary judgment, no claim was made that the application of New York law was improper and, in fact, defendant relied on New York law in opposition thereto.