Golia, J.,
dissents and votes to reverse the order and deny plaintiffs motion for summary judgment. As set forth in the majority opinion, it is “uncontroverted on the record that defendant timely denied A.B. Medical’s claims in the respective sums of $1,972.08 and $1,999.12” (at 31). The majority also acknowledges that the regulations do not require defendants to attach a copy of the peer review report to an NF-10 denial of claim form. Nevertheless, my colleagues assert that the denial of claim form failed to state, with the requisite specificity, the reasons the claims were being denied.
What they fail to recognize is that the specific reason for the denial was the “negative” peer review report (see 11 NYCRR 65-3.8 [b] [4]). That is all the specificity that is required under that regulation which states: “If the specific reason for a denial of a no-fault claim . . . is a . . . peer review report ...” (id.; emphasis added).
To follow the reasoning of the majority would be to require a nonphysician claims examiner to interpret a physician’s peer review report, and then list, with specificity, the medical reasons for the claim’s denial. It seems a tad incongruous for the regulations to permit the NF-10 denial of claim form to be sent without attaching the doctor’s peer review report and then to require a “lay” person to interpret that report and state with “specificity” the doctor’s reasons for finding the treatment medically unnecessary.
In the case at bar, the claimant submits an affidavit stating that it requested a copy of that report but never received same. The defendant submits an affidavit by a person in charge of the file stating that no such request is present in the file. For the purpose of the issues before this court, it doesn’t matter if the request was sent, if the mail was lost, or if the defendant’s affidavit is inaccurate, inasmuch as the regulations do not provide *33 for any draconian remedy for defendant’s failure to provide the report in a timely manner. The claim denials were mailed on the 20th and 27th of January 2003, and the request for the peer review was not mailed until July 18, 2003. The underlying action was “commenced” two months later, on September 17, 2003. Apparently, the claimant waited six months to request the reports but waited less than two months to decide to bring this action.
Finally, a question arises as to whether the failure of the defendant to submit a “sworn” copy of the peer review report, in opposition to a claimant’s motion for summary judgment, mandates that the motion be granted. I do not find such a failure to be fatal when opposing a motion for summary judgment, for the reasons stated in my dissent in Ocean Diagnostic Imaging, P.C. v Lancer Ins. Co. (6 Misc 3d 62 [App Term, 2d & 11th Jud Dists 2004]).
Pesce, P.J., and Rios, J., concur; Golia, J., dissents in a separate memorandum.