■ LMK PSYCHOLOGICAL SERVICES, P.C., et al., Respondents, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [816 NYS2d 587]—

Spain, J. Appeal from an order of the Supreme Court (McNamara, J.), entered June 1, 2005 in Albany County, which, inter alia, partially granted plaintiff's motion for summary judgment.

Plaintiffs commenced this action as the assignees of the no-fault insurance claim rights of 15 individuals to whom plaintiffs provided psychological treatment following automobile accidents. Asserting that defendant had failed to timely deny coverage or seek verification of the insurance claims, plaintiffs moved for summary judgment. Defendant cross-moved for sanctions pursuant to 22 NYCRR part 130 and for severance of the claims. Supreme Court granted summary judgment with respect to the third, a portion of the seventh, tenth, eleventh and

thirteenth causes of action and otherwise denied plaintiffs' motion. The court denied defendant's cross motion for sanctions and severance. On defendant's appeal, we affirm.

"[A]n insurer is required to either pay or deny a claim for no-fault automobile insurance benefits within 30 days from the date an applicant supplies proof of claim" (*Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 278 [1997]; *see* Insurance Law § 5106 [a]; 11 NYCRR former 65.15 [g]; 65-3.8; *LaHendro v Travelers Ins. Co.*, 220 AD2d 971, 972 [1995]). A plaintiff may obtain summary judgment on a cause of action to recover first-party no-fault benefits by "submitting evidentiary proof that the prescribed statutory billing forms had been mailed and received, and that payment of no-fault benefits was overdue" (*Mary Immaculate Hosp. v Allstate Ins. Co.*, 5 AD3d 742, 742-743 [2004]; *see* Insurance Law § 5106 [a]).

Defendant asserts that plaintiffs failed to provide adequate proof that the claim forms were properly mailed and, thus, did not establish a prima facie case of entitlement to benefits. Plaintiffs supplied direct proof of actual mailing by producing signed and stamped mailing certificates (*see Badio v Liberty Mut. Fire Ins. Co.*, 12 AD3d 229, 230 [2004]). In addition, plaintiffs' officer, Jonathan Kogen, provided an affidavit stating—based on his review of plaintiffs' business records and his own personal knowledge—that plaintiffs mailed the claim forms to defendant and that none were returned as undeliverable. This "proof of proper mailing gives rise to a presumption that the item was received by the addressee" (*Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]). Defendant has not submitted proof to rebut this presumption; indeed, defendant does not deny receipt of the claims and, in fact, its papers in opposition include evidence that claims were received on dates which correspond to those in the mailing receipts produced by plaintiffs. Accordingly, we hold that plaintiffs met their prima facie burden of proof with regard to mailing of the claim forms.

Defendant also asserts that plaintiffs failed to establish a valid assignment of benefits because the assignor's signature on the assignment forms was not properly authenticated. Upon receipt of the allegedly defective assignments, defendant had 10 days to request verification (*see* 11 NYCRR 65-3.5 [a]; former 65.15 [d]). "[F]ailure to object to the adequacy of . . . claim forms within 10 days of receipt constitute[s] a waiver of any defenses based thereon, including the alleged lack of a valid assignment of benefits" (*Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564, 565 [2005], *lv denied* 5 NY3d 713 [2005];

*see Nyack Hosp. v Encompass Ins. Co.*, 23 AD3d 535, 535-536 [2005]; *Hospital for Joint Diseases v Allstate Ins. Co.*, 21 AD3d 348, 348-349 [2005]; *but see Siegel v Progressive Cas. Ins. Co.*, 6 Misc 3d 888 [2004]). Inasmuch as defendant failed to request verification of the assignments at issue within the 10-day period proscribed by regulation, its objection to the assignments was waived.

Next, we are unpersuaded by defendant's arguments that summary judgment was premature because discovery was incomplete. In opposition to the prima facie case established by plaintiffs, defendant "did not make the required showing that 'further discovery may raise a triable issue of fact' " (*Williams v General Elec. Co.*, 8 AD3d 866, 867 [2004], quoting *Mitchell v Atlas Copco N. Am.*, 307 AD2d 635, 636 [2003]; *see Herba v Chichester*, 301 AD2d 822, 823 [2003]). Indeed, it is undisputed that defendant did not send timely delay notices or claim denials; thus, defendant is precluded from raising any defense to payment of the claims unless such denial is based on lack of coverage (*see Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195, 199 [1997]; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, *supra* at 282). Defendant's remaining argument in opposition to summary judgment—that plaintiffs committed fraud by misrepresenting Kogen as a "treating doctor" although he did not personally provide or supervise the psychological services rendered by plaintiffs, and that such fraud falls within the narrow "lack of coverage" exception, obviating the need for a timely denial—has been rejected by this Court (*see Valley Psychological v Liberty Mut. Ins. Co.*, 30 AD3d 718 [2006] [decided herewith]).

Defendant asserts that Supreme Court abused its discretion in failing to sanction plaintiffs for asserting frivolous causes of action because several of the claims asserted had been paid or settled. Sanctions pursuant to 22 NYCRR part 130 should be awarded for taking legal actions which are completely without merit in law, are undertaken primarily to delay the resolution of the litigation or assert false material statements of fact (*see* 22 NYCRR 130-1.1 [c]; *Ireland v GEICO Corp.*, 2 AD3d 917, 919 [2003]; *Mountain Lion Baseball v Gaiman*, 263 AD2d 636, 639 [1999]). That level of misconduct has not been established here. The record reveals that plaintiffs voluntarily withdrew one of the allegedly frivolous claims and the others were not dismissed because Supreme Court found issues of fact existed as to whether payment had been made or a settlement had been reached. Under these circumstances and absent proof of actual payment or settlement, we find no basis to interfere with

Supreme Court's sound discretion (*see Northern Adirondack Cent. School Dist. v La Plante Co.*, 229 AD2d 764, 766 [1996]; *Golden v Barker*, 223 AD2d 769, 770 [1996]).

Finally, we discern no abuse of discretion in Supreme Court's decision not to sever the claims (*see* CPLR 603; *State Farm Fire & Cas. Co. v Dayco Prods., Inc.*, 19 AD3d 923, 924-926 [2005]; *Hempstead Gen. Hosp. v Liberty Mut. Ins. Co.*, 134 AD2d 569, 570 [1987]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.