Golia, J.,
dissents in part and concurs in part, and votes to affirm the order in the following memorandum:
At the outset, I concur with the majority in the dismissal of the appeal as taken by plaintiff Lvov Acupuncture PC. As regards the claim of A.B. Medical Services PLLC and D.A.V Chiropractic PC., I find that plaintiffs are required, at the very least, to submit proof of a properly executed assignment. Here, plaintiffs A.B. Medical and D.A.V Chiropractic failed to do so. Consequently, I respectfully dissent and vote to affirm.
*29 The insurance regulations provide, in relevant part, that a health care provider must submit to the insurer “a properly executed assignment” on one of the following forms: (1) the prescribed verification of treatment by the attending physician or other provider of service form (NYS Form NF-3); (2) the prescribed verification of hospital treatment form (NYS Form NF-4), or the prescribed hospital facility form (NYS Form NF-5); or (3) the prescribed no-fault assignment of benefits form (NYS Form NF-AOB) (see 11 NYCRR 65-3.11 [b] [2]; see also A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 6 Misc 3d 70, 71 [App Term, 2d & 11th Jud Dists 2004]). The plain language of the regulations clearly mandate submission of a properly executed assignment, and since the No-Fault Law is in derogation of the common law, its regulations must be strictly construed (see Presbyterian Hosp. in City of N.Y. v Atlanta Cas. Co., 210 AD2d 210, 211 [1994]).
In my view, the submissions of A.B. Medical and D.A.V Chiropractic fail, on their face, to demonstrate a properly executed assignment. As the court below correctly noted, the forms submitted by these plaintiffs appear to be copies of a single assignment form which was signed by the assignor in blank. Plaintiffs’ names were inserted thereafter on copies of the original form. Under these circumstances, it cannot be said that plaintiffs A.B. Medical and D.A.V Chiropractic presented evidence of a properly executed assignment as required under the insurance regulations. Accordingly, plaintiffs’ motion for summary judgment was properly denied.
Pesce, PJ., and Weston Patterson, J., concur. Golia, J., dissents in part and concurs in part in a separate memorandum.