In an action to recover no-fault medical benefits, the defendant appeals from a judgment of the Supreme Court, Nassau County (DeStefano, J.), entered October 13, 2011, which, upon an order of the same court entered September 28, 2011, upon reargument, vacating its determination in an order entered November 22, 2010, denying the plaintiffs motion for summary *922 judgment on the complaint and thereupon granting the plaintiffs motion, is in favor of the plaintiff and against the defendant in the total sum of $81,450.85.
Ordered that the judgment is affirmed, with costs.
In this action, the plaintiff hospital, as assignee of Alison Cassani, seeks to recover no-fault medical benefits from the defendant, a self-insured taxi corporation. The plaintiff moved for summary judgment on the complaint and, in an order entered November 22, 2010, the Supreme Court denied the motion on the ground that the defendant had not yet received all requested verification. The plaintiff subsequently moved for leave to reargue its motion for summary judgment. In an order entered September 28, 2011, the Supreme Court granted leave to reargue and, upon reargument, granted the plaintiffs motion for summary judgment on the complaint, finding that the requested verification had been received.
The plaintiff made a satisfactory showing that the Supreme Court overlooked or misapprehended matters of fact or law in denying its motion for summary judgment on the complaint. Specifically, the plaintiff demonstrated that the Supreme Court overlooked the fact that the requested verification had been received by the defendant. Therefore, the Supreme Court providently exercised its discretion in granting the plaintiffs motion for leave to reargue (see CPLR 2221 [d] [2]; Barrett v Jeannot, 18 AD3d 679, 680 [2005]).
Moreover, upon reargument, the Supreme Court properly granted the plaintiffs motion for summary judgment on the complaint. In opposition to the plaintiffs prima facie showing of its entitlement to judgment as a matter of law, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). To the extent that the defendant is objecting, for the first time on appeal, to the completeness of the plaintiff’s N-F 5 form based on the lack of an “original signature,” this contention has been waived, since the defendant failed to object to the completeness of the form within 10 days of receipt (see New York Hosp. Med. Ctr. of Queens v AIU Ins. Co., 8 AD3d 456, 457 [2004]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11, 17 [1999]).
Furthermore, contrary to the defendant’s contention, this action is not premature, and the 30-day period in which the defendant must pay or deny the claim has not been indefinitely tolled. “[A] request for verification that precedes a no-fault insurer’s receipt of the prescribed N-F 5 claim form does not trigger the tolling of the 30-day period within which an insurer must determine whether to pay or deny such a claim” (Sound *923 Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 164 [2013]). Here, the defendant sent two letters requesting verification, one dated March 15, 2010, and another dated April 15, 2010. The defendant’s verification request dated March 15, 2010, was sent after the defendant received an “interim bill” from the plaintiff, which was sent solely for the purpose of notifying the defendant of the claim, and preceded the defendant’s receipt of the N-F 5 form. Thus, the March 15, 2010, verification request did not trigger the tolling of the 30-day period within which an insurer must determine whether to pay or deny the claim. Consequently, the only effective request for verification was the one dated April 15, 2010, six days after the defendant’s receipt of the plaintiffs N-F 5 form (see id.).
The April 15, 2010, verification request resulted in an initial toll of the 30-day period within which to pay or deny the claim (see id.). The defendant then had 10 days from the expiration of that 30-day period to send a follow-up request for verification in order to invoke the protection of the indefinite tolling of its time to pay or deny the claim (see id.). However, no follow-up request was issued. Since the initial toll of the 30-day period following the plaintiffs submission of the N-F 5 form to the defendant had expired by the time this action was commenced, this action is not premature (see Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d at 164).
The defendant’s remaining contention is raised for the first time on appeal and is not properly before this Court (see Sarva v Chakravorty, 34 AD3d 438 [2006]).
Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.