Matter of Santander Consumer USA, Inc. v Autorama Enters., Inc. (2022 NY Slip Op 03041)

Matter of Santander Consumer USA, Inc. v Autorama Enters., Inc.

2022 NY Slip Op 03041

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

533909
[*1]In the Matter of Santander Consumer USA, Inc., Respondent,
v
Autorama Enterprises, Inc., Appellant, et al., Respondent.

Calendar Date:March 21, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Law Offices of Christopher R. Lynn, Long Island City (Christopher R. Lynn of counsel), for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Lynch, J.), entered August 2, 2021 in Albany County, which, among other things, in a combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action, granted petitioner's motion to consolidate.
Respondent Autorama Enterprises, Inc. (hereinafter respondent) placed a garagekeeper's lien against a vehicle for towing and storage charges (see Lien Law § 184). Petitioner, which alleged that it had a security interest in that vehicle, commenced this combined proceeding/action in Supreme Court, Albany County seeking, among other things, to void respondent's lien on the vehicle so that petitioner could recover the vehicle at no cost and to obtain damages for conversion. Respondent interposed an answer and, a few days later, commenced an action against petitioner and the vehicle owner in the Civil Court of the City of New York, Bronx County, alleging unjust enrichment regarding the same towing and storage charges at issue in the Supreme Court proceeding/action. Petitioner moved to consolidate the two matters pursuant to CPLR 602. Supreme Court granted the motion by consolidating the Supreme Court proceeding/action with respondent's claims asserted against petitioner in Civil Court, while severing respondent's claims against the vehicle owner. Respondent appeals.
Preliminarily, petitioner contends that this appeal should be dismissed based on Supreme Court's subsequent August 16, 2021 entry of an order and judgment addressing the merits. "The right to appeal from a nonfinal order terminates upon the entry of a final judgment. A final order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters" (McCormack v Maloney, 148 AD3d 1268, 1268-1269 [2017] [internal quotation marks, brackets and citations omitted]; see Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5501:3 [noting that "(t)he 'final judgment' specified in the opening language of (CPLR 5501 [a]) includes that which terminates an action"]). In the August 16, 2021 order and judgment, the court rendered multiple determinations and directions, including dismissing respondent's unjust enrichment claim and petitioner's General Business Law claim, declaring respondent's lien for storage charges void, reducing the lien to $190.53 representing the towing charges, entitling petitioner to possession of the vehicle and discharge of respondent's lien upon payment of that amount, retaining petitioner's lien on the vehicle, finding respondent liable for unlawful conversion of the vehicle and scheduling an inquest to determine damages for that conversion. Nonetheless, this order did not completely dispose of the conversion cause of action, as an inquest on damages is not merely ministerial. Thus, as there is not yet a final judgment, respondent retains [*2]the right to appeal from the nonfinal order at issue.[FN1]
Turning to the merits, "[w]here an action is pending in the supreme court it may, upon motion, remove to itself an action pending in another court and consolidate it or have it tried together with that in the supreme court" (CPLR 602 [b]). Trial courts have broad discretion when considering motions to consolidate actions pending in different courts, although consolidation is generally appropriate where those actions involve common questions of law or fact and the party opposing consolidation has not shown that it would result in prejudice to a substantial right (see Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia], 26 NY2d 157, 162 [1970], cert denied 400 US 819 [1970]; 43rd St. Deli v Paramount Leasehold, L.P., 89 AD3d 573, 573-574 [2011]; Pittsford Place Assoc. v Lauer's Furniture Stores, 177 AD2d 942, 943 [1991], lv dismissed 79 NY2d 1040 [1992]; see also CPLR 602 [a]). Similarly, severance is a matter of judicial discretion and a "trial court's determination will not be disturbed absent abuse of discretion or prejudice to a party's substantial rights" (Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd., 1 AD3d 744, 746 [2003]; see CPLR 603; State Farm Fire & Cas. Co. v Dayco Prods., Inc., 19 AD3d 923, 924 [2005]). Although uncommon, a court may, in one order, grant consolidation of actions and severance of certain claims against specified parties (see e.g. Iervolino v St. Mary's Hosp. for Children, 44 Misc 3d 1219[A], *3-4 [Sup Ct, Queens County 2014]; see generally Goldblatt v Merrell Co., 22 AD2d 886, 886 [1964]).
In the Supreme Court proceeding/action, petitioner sought to, among other things, invalidate the garagekeeper's lien respondent placed on the vehicle for towing and storage charges (see Lien Law §§ 184, 201-a). In the Civil Court action, respondent sought to recover those same towing and storage charges. Thus, the two actions involved common questions of law and fact (see Korn v Korn, 190 AD3d 1043, 1044-1045 [2021]). Respondent, as the party opposing the motion, did not demonstrate that it would suffer any prejudice. Therefore, we cannot conclude that Supreme Court abused its discretion by consolidating the Supreme Court proceeding/action with the Civil Court claims against petitioner (see id. at 1045).
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Although the date on which that inquest was initially scheduled to occur has passed, our review of digital court files does not reveal any further filed judgment or settlement.