OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, motion for partial summary judgment by plaintiff Rockaway Boulevard Medical EC., doing business as Queens Diagnostic Center, granted and matter remanded to the court below for a calculation of statutory interest and attorney’s fees thereon.
Appeal by plaintiff Jamil M. Abraham M.D. EC., doing business as Park Health Center, unanimously dismissed.
In this action to recover first-party no-fault benefits, plaintiff Rockaway Boulevard Medical EC., doing business as Queens Diagnostic Center, established a prima facie entitlement to partial summary judgment in the sum of $1,791.73 for medical services rendered to its assignor, by proof that it submitted the claims, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; A.B. Med. Servs. PLLC v Lumbermens Mut. Cas. Co., 4 Misc 3d 86 [App Term, 2d & 11th Jud Dists 2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). In opposition to plaintiffs motion, defendant challenged the sufficiency of plaintiffs prima facie showing on the ground that plaintiffs claim forms were not proper verification claim forms. As the court below noted, while NF-3 claim forms contain an entry calling for the disclosure of the relationship between the billing provider and the treating provider, the generic claim forms submitted by plaintiff, which identified it as the billing provider and the treating physician as Dr. Myung Choi, do not contain such an entry, and do not otherwise indicate the relationship between the billing and treating providers. The court determined that pursuant to 11 NYCRR 65.15 (j) (1), if the treating provider was an employee of the billing provider, then the billing provider would be entitled to recover no-fault benefits, but that if the treating provider was an independent contractor, the billing provider would not be entitled to direct *54 payment, since it did not provide the medical services. The court then held that in the absence of information disclosing the relationship between the billing provider and the treating physician, plaintiff did not submit a proper proof of claim, and hence failed to establish a prima facie case of entitlement to payment of no-fault benefits.
We note initially that the court below properly determined that a billing provider may not recover no-fault benefits where the services were rendered by an independent contractor. The applicable insurance regulations governing “direct payments” of no-fault benefits by the insurer provide that “an insurer shall pay benefits . . . directly to the applicant or . . . upon assignment by the applicant . . . [to] the providers of services” (11 NYCRR 65.15 [j] [1], now 11 NYCRR 65-3.11 [a]). Pursuant to 11 NYCRR 65.15 (j) (D, a provider’s entitlement to recovery of no-fault benefits directly from the insurer is contingent upon an assignment of such benefits, and the assignment must be made to the “providers of services.” The section further circumscribes the assignability of no-fault benefits to an assignment made “by the applicant” to the providers of services. There is no authorization under this section, or elsewhere in the insurance regulations, entitling the assignment of no-fault benefits by a provider.
Accordingly, where a billing provider seeks to recover no-fault benefits for services which were not rendered by it or its employees, but rather by a treating provider who is an independent contractor, it is not a “provider” of the medical services rendered within the meaning of 11 NYCRR 65.15 (j) (1) (now 11 NYCRR 65-3.11 [a]) and is therefore not entitled to recover “direct payment” of assigned no-fault benefits from the defendant insurer (A.B. Med. Servs. PLLC v New York Cent. Mut. Fire Ins. Co., 8 Misc 3d 132[A], 2005 NY Slip Op 51111DJ] [App Term, 2d & 11th Jud Dists, Mar. 1, 2005]). A defense that a plaintiff in an assigned first-party no-fault action may not maintain the action because it is not a “provider” within the meaning of the insurance regulations, and hence that no-fault benefits are not assignable to it, is nonwaivable and not subject to the preclusion rule (see Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854 [2003] [transportation charges are no longer assignable under the revised regulations effective April 5, 2002]).
In the instant case, the plaintiffs claim forms do not disclose the relationship between the billing provider and treating physi *55 cian (cf. A.B. Med. Servs. PLLC v New York Cent. Mut. Fire Ins. Co., 8 Misc 3d 132[A], 2005 NY Slip Op 51111[U] [2005], supra). However, contrary to the lower court’s determination, said omission does not defeat plaintiffs prima facie showing. In opposition to plaintiffs motion, defendant did not assert the nonwaivable defense that the services were provided by an independent contractor, and that plaintiff was therefore not a “provider” under 11 NYCRR 65.15 (j) (1). Rather, defendant’s defense was predicated merely on the insufficiency of the plaintiffs claim forms without asserting and establishing by proof in admissible form that the status of the treating provider was in fact that of an independent contractor, a fact which could have been ascertained by means of the verification process. In the absence of proof that defendant sought proper verification of the alleged deficiencies in the claim forms and that it timely denied the claims on this ground, it has waived any objections pertaining to the adequacy of the claim forms (see Montefiore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 9 AD3d 354 [2004]; New York Hosp. Med. Ctr. of Queens v AIU Ins. Co., 8 AD3d 456 [2004]; New York & Presbyt. Hosp. v American Tr. Ins. Co., 287 AD2d 699 [2001]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [1999]; St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641 [1995]; St. Clare’s Hosp. v Allcity Ins. Co., 201 AD2d 718 [1994]). Accordingly, upon the record before us, we disagree with the determination of the court below that the omitted information in plaintiffs claim forms warrants a denial of its motion for summary judgment.
Defendant’s remaining argument, namely, that plaintiff failed to produce an authenticated assignment form, is without merit. The lack of authentication of an assignor’s signature, in and of itself, does not constitute a defect in the absence of any statutory and regulatory requirement for the same (A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 6 Misc 3d 70 [App Term, 2d & 11th Jud Dists 2004]). Even assuming arguendo that a lack of authentication constitutes a cognizable defect, defendant’s failure to seek verification of the assignments, or to allege such deficiency in the assignments in its denial of claim forms, constitutes a waiver of any defenses with respect thereto (see id; New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2004]; Presbyterian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co., 233 AD2d 433 [1996]; Park Health Ctr. v Eveready Ins. Co., 2001 NY Slip Op 40665[U] [App Term, 2d & 11th Jud Dists 2001]).
*56 Inasmuch as no issue is raised by the remaining appellant, the appeal with respect to him is dismissed (see Praeger v Praeger, 162 AD2d 671 [1990]).
Pesce, EJ., Rios and Belen, JJ., concur.