■ In the Matter of HEALTH & ENDURANCE MEDICAL, P.C., as Assignee of STANLEY CUMMINGS, Appellant, v DEERBROOK INSURANCE COMPANY, Respondent. [845 NYS2d 66]—

In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated September 15, 2005, confirming an award of an arbitrator dated June 24, 2005 denying payment of no-fault insurance benefits, the appeal is from an order of the Supreme Court, Kings County (Ruchelson, J.), dated June 22, 2006, which denied the petition and granted the respondent's cross petition to confirm the award of the master arbitrator.

Ordered that the order is reversed, on the law, with costs, the awards of the master arbitrator and arbitrator are vacated, and the matter is remitted to the arbitrator for further proceedings consistent herewith.

The petitioner, Health & Endurance Medical, P.C. (hereinafter HEM), as assignee, sought payment of no-fault insurance benefits from the respondent, Deerbrook Insurance Company (hereinafter Deerbrook) for medical services provided to an insured by an independent contractor. After arbitration, payment was denied on the ground that HEM was not a provider of health care services within the meaning of the no-fault regulations and, therefore, was not entitled to direct payment of such benefits. That award was confirmed by a master arbitrator. The Supreme Court, inter alia, denied HEM's petition to vacate the award of the master arbitrator. We reverse.

In relevant part, the no-fault regulations provide for direct payments of no-fault benefits to "providers of health care services" (11 NYCRR 65-3.11 [a]). Under the circumstances of this case, the applicability of 11 NYCRR 65-3.11 (a) was impermissibly raised, sua sponte, by the arbitrator (see 11 NYCRR 65-4.4 [e]). Since the arbitrator never ruled on the only issue raised by Deerbrook relating to the need for the services in question, this matter must be remitted to the arbitrator for a determination of this issue. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.