*71 OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved, in effect, for summary judgment dismissing the complaint. In support of its motion, defendant submitted the two claim forms that are the subject of this action, which indicate that the billed-for services were rendered by independent contractors. Plaintiffs opposition to defendant’s motion was based upon oral decisions set forth in trial transcripts, in three unrelated actions against another insurance company, in which the court found that plaintiffs treating providers were employees. The court granted defendant’s motion, finding that plaintiff submitted claim forms that stated that the billed-for services were rendered by an independent contractor and implicitly holding that plaintiff was bound by the claim forms it submitted. Plaintiff appeals, arguing that an insurer may not be awarded summary judgment based upon the defense that the billed-for services were rendered by an independent contractor. Plaintiff argues further that the oral decisions by other judges of the same court contained in the trial transcripts are evidence that the treating providers were employees, thereby rebutting the information contained in plaintiffs own claim forms and raising a triable issue of fact.
Contrary to plaintiffs contention, the fact that health care services sued for by a professional corporation were rendered by an independent contractor is a proper basis upon which to award a no-fault defendant summary judgment dismissing the complaint made against it (see Health & Endurance Med., P.C. v Liberty Mut. Ins. Co., 19 Misc 3d 137[A], 2008 NY Slip Op 50864[U] [App Term, 2d & 11th Jud Dists 2008]). While plaintiff claims that Matter of Health & Endurance Med., P.C. v Deerbrook Ins. Co. (44 AD3d 857 [2007]) stands for the proposition that a plaintiff may recover even if services were rendered by an independent contractor, such an interpretation lacks merit.
A provider demonstrates its entitlement to collect assigned first-party no-fault benefits by proving the submission of its statutory claim forms, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]). Payment is overdue “if not paid within thirty days after the claimant supplies proof of *72 the fact and amount of loss sustained” (Insurance Law § 5106 [a]). A claim form seeking reimbursement for services rendered by an independent contractor does not supply proof of a loss, because
“where a billing provider seeks to recover no-fault benefits for services which were not rendered by it or its employees, but rather by a treating provider who is an independent contractor, it is not a ‘provider’ of the medical services rendered within the meaning of [11 NYCRR 65-3.11 (a)] and is therefore not entitled to recover ‘direct payment’ of assigned no-fault benefits from the defendant insurer” (Rock-away Blvd. Med. P.C. v Progressive Ins., 9 Misc 3d 52, 54 [App Term, 2d & 11th Jud Dists 2005]).
In the case at bar, the claim forms at issue state that the treating professionals were independent contractors. Contrary to plaintiffs contention, the allegation that said treating professionals were actually employees, and that the claim forms contain misinformation, is irrelevant. Plaintiff did not submit bills that entitled it to payment, and correction of the defect involved herein should not be permitted once litigation has been commenced (see generally Mount Sinai Hosp. v Chubb Group of Ins. Cos., 43 AD3d 889 [2007] [litigation that was commenced prior to payment becoming overdue was premature and the cause of action was dismissed]). The independent contractor defense is nonprecludable (see Rockaway Blvd. Med. P.C., 9 Misc 3d at 54). An insurer should be able to rely on the assertions in the claim form, and, in keeping with the aim of “providing] substantial premium savings to New York motorists” (Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 860 [2003]), should be able to handle a claim for services rendered by an independent contractor accordingly without engaging in further consideration of the claim. An insurer is not obliged to issue a denial in order to assert the nonprecludable, independent contractor defense. Consequently, if a provider were to be permitted to demonstrate during litigation that the claim form was incorrect and services were, in fact, rendered by an employee, not only would the insurer, which exercised its option not to expend further efforts to defend a facially meritless claim, have lost its opportunity to conduct meaningful claims verification, but also its decision not to issue a denial would result in its preclusion from introducing most defenses (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]). Moreover, upon a court’s finding that services were rendered by *73 an employee, and not an independent contractor as stated on the claim form prepared by the provider, an award of interest beginning to accrue 30 days after the submission of the claim form, as mandated by the no-fault regulations (see Insurance Department Regulations [11 NYCRR] § 65-3.8 [a] [1]; § 65-3.9 [a]; East Acupuncture, P.C. v Allstate Ins. Co., 15 Misc 3d 104 [App Term, 2d & 11th Jud Dists 2007]), would be inequitable. Furthermore, an insurer might have timely paid a claim, had the claim form prepared by the provider not stated that the services were rendered by an independent contractor, thereby avoiding the need to retain counsel to defend an action that might have been avoided. If the provider is allowed to amend the claim form, on the other hand, plaintiff would be entitled to recover its attorney’s fees from defendant for unnecessary litigation (see Insurance Department Regulations [11 NYCRR] § 65-3.10 [a]).
In view of the foregoing, the Civil Court properly granted defendant’s motion to dismiss the complaint (but see Atlantis Med., DC v Liberty Mut. Ins. Co., 19 Misc 3d 131[A], 2008 NY Slip Op 50584[U] [App Term, 1st Dept 2008]).
We note that, under appropriate circumstances, a provider who has submitted a claim form that improperly designates the treating provider as an independent contractor could, upon realizing its mistake, submit a new claim form with the proper designation along with “written proof providing clear and reasonable justification for the failure” to submit the claim within 45 days of the rendering of services (see Insurance Department Regulations [11 NYCRR] § 65-1.1 [Proof of Claim]). We do not pass upon whether the circumstances presented in this case would constitute “reasonable justification” for plaintiffs failure to timely submit a proper claim.
Pesce, EJ., Golia and Rios, JJ., concur.