OPINION OF THE COURT
Memorandum.
Order modified by providing that plaintiffs motion for summary judgment is granted to the extent of awarding it partial summary judgment in the principal sum of $357.94, and matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees thereon, and for all further proceedings on plaintiff’s remaining claims; as so modified, affirmed without costs.
In this action to recover first-party no-fault benefits for health care services rendered to its assignor, plaintiff established its prima facie entitlement to summary judgment by proof that it submitted claims, setting forth the fact and the amounts of the losses sustained, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists 2003]). Defendant’s failure to timely object to the completeness of the claim forms or seek verification of the assignments constituted a waiver of any defenses based thereon (see Hospital for Joint Diseases v Allstate Ins. Co,, 21 AD3d 348 [2005]; see also New York Hosp. Med. Ctr. of Queens v New York Cent. Mut. Fire Ins. Co., 8 AD3d 640 [2004]; A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 6 Misc 3d 70 [App Term, 2d & 11th Jud Dists 2004]). Defendant’s remaining contentions regarding plaintiffs alleged failure to establish its prima facie entitlement to summary judgment similarly have no merit. The burden then shifted to defendant to demonstrate a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
*96 A review of the record indicates that defendant made verification requests of the assignor seeking chiropractic and orthopedic independent medical examinations (IMEs) by letters dated May 22 and 23, 2002, which was prior to its receipt of plaintiff’s $357.94 claim on May 30, 2002. Consequently, these were preclaim verification requests and the tolling provisions of the insurance regulations do not apply (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 7 Misc 3d 18 [App Term, 2d & 11th Jud Dists 2004]). As a result, defendant’s July 11, 2002 denial of said claim was untimely (see e.g. A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 10 Misc 3d 50 [App Term, 2d & 11th Jud Dists 2005]). Defendant, however, timely denied, on the basis of the assignor’s failure to attend the preclaim IMEs, the $101.07 claim which it received on June 19, 2002 and denied on July 9, 2002, the $67.38 claim which it received on July 1, 2002 and denied on July 9, 2002, and the $67.38 claim which it received on August 5, 2002 and denied on August 30, 2002 (see e.g. A.B. Med. Servs. PLLC v American Tr. Ins. Co., 8 Misc 3d 139[A], 2005 NY Slip Op 51316[U] [App Term, 2d & 11th Jud Dists 2005]), and established such failure in admissible form in opposition to plaintiff’s motion for summary judgment. Consequently, the presumption of medical necessity which otherwise attached to these claim forms was rebutted and defendant raised a triable issue of fact as to the medical necessity of the services rendered (see e.g. S&M Supply Inc. v Peerless Ins. Co., 6 Misc 3d 127[A], 2004 NY Slip Op 51683[U] [App Term, 2d & 11th Jud Dists 2004]).
We are aware that defendant’s agent sent a letter to plaintiff dated June 5, 2002 in which it stated that it had “received your [$357.94] bill . . . [and] [t]here will be a delay in our consideration of the bills . . . because . . . the claimant involved is currently scheduled for independent medical examinations.” The agent also sent letters to the assignor dated June 11 and 14, 2002 by which it, respectively, reminded the assignor of the chiropractic IME scheduled for June 18, 2002 and the orthopedic IME scheduled for June 24, 2002. The assignor was apparently unable to attend the orthopedic IME scheduled for June 24, 2002, and contacted defendant’s agent. By letter dated June 18, 2002, defendant’s agent acknowledged the assignor’s request to reschedule the orthopedic IME due to his work schedule, and rescheduled said IME to July 2, 2002. By another letter dated June 18, 2002, defendant’s agent acknowledged defendant’s *97 request to reschedule the chiropractic IME and rescheduled said IME to July 1, 2002. It is uncontroverted that the assignor did not attend the rescheduled IMEs.
Even were we to deem the letter of June 5, 2002 to be a valid postclaim request for additional verification pursuant to 11 NYCRR 65-3.5 (b), said request would not have tolled the time which defendant had to pay or deny the claims since defendant did not make follow-up verification requests pursuant to 11 NYCRR 65-3.6 (b) after the assignor failed to attend the July IMEs. We note that although the assignor apparently contacted defendant’s agent on July 5, 2002 “to advise that he was unable to attend the [previously scheduled] appointment [s], ” he was not allowed to reschedule them again. Defendant subsequently issued denials, dated July 9, 2002, based on the assignor’s failure to attend the July IMEs.
Furthermore, unlike our dissenting colleague, we do not view the mutually agreed upon rescheduling of the initial IMEs, from June 18, 2002 to July 1, 2002 and from June 24, 2002 to July 2, 2002, as the equivalent of a failure to supply “any requested verificationD” (see 11 NYCRR 65-3.6 [b]). We, therefore, do not deem the rescheduled July IMEs as follow-up requests.
In the court below, plaintiffs opposition to defendant’s cross motion to compel depositions was only on procedural grounds. Therefore, plaintiffs contention that defendant’s cross motion should be denied on the merits because it was not entitled thereto was improperly raised for the first time on appeal, and will not be considered by this court (see e.g. First Nationwide Bank v Goodman, 272 AD2d 433 [2000]). Plaintiffs remaining contentions have no merit.
Accordingly, plaintiff is awarded partial summary judgment in the principal sum of $357.94, and the matter is remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees thereon pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder, and for all further proceedings on plaintiffs remaining claims.