Progressive Health Chiropractic, P.C., as Assignee of Marsha Homer, Appellant,
against
American Transit Insurance Company, Respondent.




The Law Office of Gregory A. Goodman, P.C., for appellant.
Law Offices of Daniel J. Tucker (Raquel Williams, Esq.), for respondent.

Appeal from an order of the District Court of Suffolk County, Fourth District (James F. Matthews, J.), dated April 19, 2016. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the District Court which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.
With respect to plaintiff's claim for $1,310.94, the affidavits defendant submitted in support of its motion do not establish, prima facie, that the assignor failed to appear at two scheduled independent medical examinations (IMEs), since we do not consider a mutual rescheduling, which occurs prior to the date of that scheduled IME, to constitute a failure to appear (see DVS Chiropractic, P.C. v Interboro Ins. Co., 36 Misc 3d 136[A], 2012 NY Slip Op 51443[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Vitality Chiropractic, P.C. v Kemper Ins. Co., 14 Misc 3d 94 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). As defendant did not demonstrate that there had been a failure to appear at both an initial and a follow-up IME, defendant did not establish that plaintiff had failed to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). However, plaintiff is not entitled to summary judgment with respect to this claim since the record does not establish, as a matter of law, that defendant's denial of claim form, which denied the claim on the ground that plaintiff's assignor had failed to appear for two [*2]duly scheduled IMEs, was untimely or that such a defense lacks merit.
With respect to plaintiff's claim for $1,019.62, although the affidavit of defendant's no-fault examiner was sufficient to show that defendant had never received that claim, the affidavit of plaintiff's employee, in which the affiant stated that he had personally generated and mailed plaintiff's $1,019.62 claim to defendant, was sufficient to give rise to the presumption that the claim had been received by defendant (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). Consequently, a triable issue of fact exists as to the submission of the $1,019.62 claim (see Lenox Hill Radiology v Great N. Ins. Co., 50 Misc 3d 142[A], 2016 NY Slip Op 50206[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; Compas Med., P.C. v 21st Century Ins. Co., 47 Misc 3d 128[U], 2015 NY Slip Op 50388[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Healing Health Prods., Inc. v New York Cent. Mut. Fire Ins. Co., 44 Misc 3d 59 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. Bright Med. Supply Co. v Tri State Consumer Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, neither defendant nor plaintiff was entitled to summary judgment on this claim.
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied.
Marano, P.J., Garguilo and Brands, JJ., concur. 
Decision Date: April 27, 2017