Apple Massage Therapy, P.C., as Assignee of Jarrett Houston, Appellant, 
against
Adirondack Insurance Exchange, Respondent.




Gary Tsirelman, P.C. (Irena Golodkeyer, Esq.), for appellant.
McDonnell & Adels, PLLC (Stephanie A. Tebbett, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn E. Wade, J.), entered March 16, 2012. The order granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for examinations under oath.




ORDERED that the order is reversed, with $30 costs, the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for examinations under oath is denied, and the matter is remitted to the Civil Court to determine the remaining branch of defendant's motion seeking summary judgment, in effect, dismissing so much of the complaint as sought to recover in excess of the amount permitted by the workers' compensation fee schedule.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment on the ground that plaintiff's assignor had failed to appear at duly scheduled examinations under oath (EUOs). In the alternative, defendant, in effect, sought summary judgment dismissing so much of the complaint as sought to recover in excess of the amount permitted by the workers' compensation fee schedule. By order entered March 16, 2012, the Civil Court granted the branch of defendant's motion seeking summary judgment dismissing the complaint based upon the assignor's failure to appear at the EUOs.
According to the affidavit submitted by defendant in support of its motion, the initial EUO had been rescheduled two times by mutual agreement, each time prior to the scheduled date. We do not consider a mutual rescheduling, which occurs prior to the date of a scheduled [*2]EUO, to constitute a failure to appear (see Vitality Chiropractic, P.C. v Kemper Ins. Co., 14 Misc 3d 94 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]). Consequently, as defendant did not demonstrate that there had been a failure to appear at both an initial and a follow-up EUO, defendant did not establish as a matter of law that plaintiff had failed to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Avicenna Med. Arts, P.L.L.C. v Ameriprise Auto & Home, 47 Misc 3d 145[A], 2015 NY Slip Op 50701[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; DVS Chiropractic, P.C. v Interboro Ins. Co., 36 Misc 3d 138[A], 2012 NY Slip Op 51443[U] [App Term, 2d, 11th & 13th Jud Dists 2012]). As a result, the branch of defendant's motion seeking summary judgment dismissing the complaint based upon the assignor's failure to appear at two duly scheduled EUOs should have been denied.
Since the Civil Court did not determine the branch of defendant's motion seeking summary judgment, in effect, dismissing so much of the complaint as sought to recover in excess of the amount permitted by the workers' compensation fee schedule, the matter is remitted to the Civil Court for a determination of that branch of defendant's motion.
Accordingly, the order is reversed, the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for examinations under oath is denied, and the matter is remitted to the Civil Court to determine the remaining branch of defendant's motion seeking summary judgment, in effect, dismissing so much of the complaint as sought to recover in excess of the amount permitted by the workers' compensation fee schedule.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
Decision Date: July 21, 2017