City Anesthesia Healthcare, P.C. v Erie Ins. Co. of N.Y. (2021 NY Slip Op
50135(U))

[*1]

City Anesthesia Healthcare, P.C. v Erie Ins. Co. of N.Y.

2021 NY Slip Op 50135(U) [70 Misc 3d 141(A)]

Decided on February 19, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1427 K C

City Anesthesia Healthcare, P.C., as
Assignee of Edward Ortiz, Respondent,
against
Erie Insurance Co. of NY, Appellant. 

Robyn M. Brilliant, P.C. (Robyn M. Brilliant and Barry Montrose of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov and Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rachel
Freier, J.), entered March 8, 2019. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court entered March 8, 2019 as denied defendant's
motion for summary judgment dismissing the complaint.
Contrary to the determination of the Civil Court, defendant demonstrated that, before it had
received the claim at issue, it properly scheduled independent medical examinations (IMEs) of
plaintiff's assignor, and that the assignor failed to appear for the duly scheduled IMEs (see
Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
Defendant also demonstrated that it timely denied the claim (see St. Vincent's Hosp. of
Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), based upon the assignor's
failure to appear for the IMEs. An assignor's appearance at an IME "is a condition precedent to
the insurer's liability on the policy" (Stephen Fogel Psychological, P.C., 35 AD3d at 722).
Plaintiff's contention that the pre-claim IME scheduling letter was required to be mailed within
30 days of defendant's receipt of the NF-2 lacks merit (see 11 NYCRR 65-3.5 [a], [d];
Appendix 13).
Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion for
summary judgment dismissing the complaint is granted. 
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 19, 2021