Excel Prods., Inc. v Ameriprise Auto & Home (2021 NY Slip Op
50435(U))

[*1]

Excel Prods., Inc. v Ameriprise Auto & Home

2021 NY Slip Op 50435(U) [71 Misc 3d 136(A)]

Decided on May 14, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-331 K C

Excel Products, Inc., as Assignee of
McPherson, Linda, Respondent, 
against
Ameriprise Auto & Home, Appellant.

Bruno, Gerbino. Soriano & Aitken, LLP (Nathan Shapiro of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered May 18, 2018. The order, insofar as appealed from as limited by the brief,
denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed
to appear for duly scheduled examinations under oath (EUOs), and plaintiff cross-moved for
summary judgment. Defendant appeals from so much of an order of the Civil Court as denied
defendant's motion.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the
ground that a provider's assignor had failed to appear for an EUO, an insurer must demonstrate,
as a matter of law, that it had twice duly demanded an EUO from assignor, that the assignor had
twice failed to appear, and that the insurer had issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113
AD3d 596, 597 [2014]; Parisien v
Metlife Auto & Home, 54 Misc 3d 143[A], 2017 NY Slip Op 50208[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d
144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]). A review of the record establishes that defendant's papers established proper mailing of
the EUO scheduling [*2]letters and the denial of claim forms, as
well as the failure of plaintiff's assignor to appear for the EUOs. As a result, defendant
established its prima facie entitlement to summary judgment dismissing the complaint (see
Interboro Ins. Co. v Clennon, 113 AD3d at 597). Defendant did not need to toll its time to
pay or deny the claims at issue, as they were denied within 30 days of defendant's receipt of
same, and the EUOs had been scheduled prior to defendant's receipt of plaintiff's claims.
Consequently, plaintiff's contention that defendant needed, but failed, to demonstrate that the
EUO scheduling letters were timely mailed after defendant's receipt of the NF-2 form lacks merit
and is contrary to Insurance Law article 51 and the regulations promulgated thereunder (see City Anesthesia Healthcare, P.C. v Erie
Ins. Co. of NY, 70 Misc 3d 141[A], 2021 NY Slip Op 50135[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2021]; 11 NYCRR 65-3.5 [a], [d]; Appendix 13). In view of the
foregoing, plaintiff failed to raise a triable issue of fact in opposition to defendant's prima facie
showing.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 14, 2021