Wiercinski v Law Firm of Steven M. Warshawsky (2021 NY Slip Op
50548(U))

[*1]

Wiercinski v Law Firm of Steven M. Warshawsky

2021 NY Slip Op 50548(U) [71 Misc 3d 141(A)]

Decided on June 11, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 11, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570036/21

Adam Wiercinski, Plaintiff-Appellant,
against
Law Firm of Steven M. Warshawsky,
Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of
New York, New York County (Sabrina B. Kraus, J.), entered on or about October 16, 2019, after
trial, in favor of defendant dismissing the action.

Per Curiam.
Judgment (Sabrina B. Kraus, J.), entered on or about October 16, 2019, affirmed, without
costs.
Our review of the record satisfies us that the dismissal of plaintiff's claim achieved
substantial justice between the parties consistent with substantive law principles (see
CCA 1804, 1807; Williams v Roper, 269 AD2d 125, 126 [2000], lv
dismissed 95 NY2d 898 [2000]). Plaintiff's claim to recover the retainer fee paid to
defendant-law firm, based upon theories of breach of contract and fraud, was time-barred by the
respective Statutes of Limitations (see CPLR 213[2],[8]). In any event, even if not time
barred, the claim was properly dismissed on the merits, since plaintiff failed to establish that
defendant breached the representation agreement between the parties, or that defendant's
recommendation that plaintiff settle his federal case against his former employer was an attempt
to defraud plaintiff. 
Plaintiff's complaints about the informal conduct of the trial are unavailing, since when
conducting hearings on small claims, the court is "not . . . bound by statutory provisions or rules
of practice, procedure, pleading or evidence. . ." (CCA 1804). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 11, 2021