Pavlova v Nationwide Ins. (2022 NY Slip Op 50559(U))

[*1]

Pavlova v Nationwide Ins.

2022 NY Slip Op 50559(U) [75 Misc 3d 136(A)]

Decided on June 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1417 K C

Ksenia Pavlova, D.O., as Assignee of
Pollen, Faith, Appellant, 
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), dated June 28, 2019. The order granted defendant's motion for summary judgment
dismissing the complaint and denied plaintiff's cross motion for summary judgment.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court which granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly
scheduled examinations under oath (EUOs), and denied plaintiff's cross motion for summary
judgment.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the
ground that a provider's assignor had failed to appear for an EUO, an insurer must demonstrate,
as a matter of law, that it had twice duly demanded an EUO from the assignor, that the assignor
had twice failed to appear, and that the insurer had issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113
AD3d 596, 597 [2014]; Parisien v
Metlife Auto & Home, 54 Misc 3d 143[A], 2017 NY Slip Op 50208[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto. Ins. Co., 49 Misc 3d
144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]). A review of the record establishes that, contrary to plaintiff's sole contention with respect
to defendant's motion, defendant established proper mailing of the EUO scheduling letters. As a
result, defendant established its prima facie entitlement to summary judgment dismissing the
complaint (see Interboro Ins. Co. v Clennon, 113 AD3d at 597). Plaintiff's contention that
defendant needed, [*2]but failed, to demonstrate that the EUO
scheduling letters were timely mailed after defendant's receipt of the NF-2 form is raised for the
first time on appeal and, in any event, lacks merit, and is contrary to Insurance Law article 51 and
the regulations promulgated thereunder (see Excel Prods., Inc. v Ameriprise Auto & Home, 71 Misc 3d
136[A], 2021 NY Slip Op 50435[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]; City Anesthesia Healthcare, P.C.
v Erie Ins. Co. of NY, 70 Misc 3d 141[A], 2021 NY Slip Op 50135[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2021]; 11 NYCRR 65-3.5 [a], [d]; Appendix 13).
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 3, 2022