Metropolitan Surgical Servs., P.C. v 21st Century Ins. Co. (2022 NY Slip Op
50606(U))

[*1]

Metropolitan Surgical Servs., P.C. v 21st Century Ins. Co.

2022 NY Slip Op 50606(U) [75 Misc 3d 141(A)]

Decided on June 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DONNA-MARIE E. GOLIA, CHEREÉ
A. BUGGS, JJ

2020-357 K C

Metropolitan Surgical Services, P.C., as
Assignee of Andre Brown, Respondent, 
against
21st Century Ins. Co., Appellant. 

Law Offices of Buratti, Rothenberg & Burns (Rachel L. Hollander of counsel), for
appellant.
Zara Javakov, P.C. (Victoria Tarasova and Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill R.
Epstein, J.), entered November 1, 2019. The order, insofar as appealed from, denied the branch
of defendant's motion seeking summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the
branch of defendant's motion seeking summary judgment dismissing the complaint is
granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied the branch of defendant's motion
which had sought summary judgment dismissing the complaint on the ground that plaintiff's
assignor had failed to appear for duly scheduled independent medical examinations (IMEs).
Insofar as relevant to this appeal, in support of its motion, defendant submitted an affidavit
by the Director of Operations for Exam Coordinators Network, which had been retained by
defendant to schedule IMEs of plaintiff's assignor, which affidavit sufficiently demonstrated that
the IME scheduling letters had been timely mailed to plaintiff's assignor (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Defendant also demonstrated that
the assignor failed to appear for the duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720 [2006]). Thus, defendant demonstrated that plaintiff failed to comply with a
condition precedent to coverage (id. at 722). As defendant's motion further demonstrated
that defendant timely denied (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123) the
claim on that ground, defendant demonstrated, prima facie, its entitlement to summary judgment
and plaintiff failed to raise a triable issue of fact in opposition. [*2]Contrary to the determination of the Civil Court, as the IMEs were
scheduled before defendant received the claim at issue, defendant was not required to comply
with the obligations of 11 NYCRR 65-3.6 (b) (see City Anesthesia Healthcare, P.C. v Erie Ins. Co. of NY, 70 Misc 3d
141[A], 2021 NY Slip Op 50135[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]; Vitality Chiropractic, P.C. v
Kemper Ins. Co., 14 Misc 3d 94, 96 [App Term, 2d Dept, 2d & 11th Jud Dists
2006]; see also PV Holding Corp. v AB
Quality Health Supply Corp., 189 AD3d 645 [2020]). 
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant's
motion seeking summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., GOLIA and BUGGS, JJ., concur.
ENTER
Paul Kenny
Chief Clerk
Decision Date: June 17, 2022