Columbus Imaging Ctr., LLC v Nationwide Ins. (2022 NY Slip Op
50620(U))

[*1]

Columbus Imaging Ctr., LLC v Nationwide Ins.

2022 NY Slip Op 50620(U) [75 Misc 3d 143(A)]

Decided on July 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, CHEREÉ A.
BUGGS, JJ

2021-132 K C

Columbus Imaging Center, LLC, as
Assignee of Daughterofessie, Quisha, Respondent, 
against
Nationwide Ins., Appellant. 

Law Office of Kevin J. Philbin (Kevon Lewis of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Patria
Frias-Colón, J.), entered September 17, 2020. The order denied defendant's motion for
summary judgment dismissing the complaint and granted plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that plaintiff's cross motion for summary
judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court denying defendant's motion for summary judgment
dismissing the complaint and granting plaintiff's cross motion for summary judgment.
The affidavits defendant submitted in support of its motion for summary judgment
demonstrated, prima facie, that independent medical examination (IME) scheduling letters had
been timely and properly mailed (see 11 NYCRR 65-3.5 [a], [d]; Appendix 13; St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]; City Anesthesia Healthcare,
P.C. v Erie Ins. Co. of NY, 71 Misc 3d 141[A], 2021 NY Slip Op 50135[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2021]). However, contrary to defendant's contention, the
affidavits from the doctors who were scheduled to perform the IMEs did not establish that [*2]they possessed personal knowledge of the nonappearance of
plaintiff's assignor for the IMEs (see
Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Alleviation Med. Servs., P.C. v State Farm
Mut. Auto. Ins. Co., 52 Misc 3d 128[A], 2016 NY Slip Op 50922[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2016]). Consequently, defendant failed to establish its
entitlement to judgment, as a matter of law, dismissing the complaint on the ground that
plaintiff's assignor had failed to appear for IMEs.
Plaintiff's cross motion for summary judgment should have been denied as the proof
submitted in support of its cross motion failed to establish that the claims had not been timely
denied (see Viviane Etienne Med. Care,
P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued timely
denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that plaintiff's cross motion for summary
judgment is denied.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2022