Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
50623(U))

[*1]

Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins.
Co.

2022 NY Slip Op 50623(U) [75 Misc 3d 143(A)]

Decided on July 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, CHEREÉ A.
BUGGS, JJ

2021-471 K C

Burke Physical Therapy, P.C., as Assignee
of Huertas, Elkyn, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Gina
Levy-Abadi, J.), dated June 9, 2021. The order granted defendant's cross motion for summary
judgment dismissing the complaint and denied, as academic, plaintiff's motion to compel
discovery and dismiss defendant's affirmative defenses.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court granting defendant's cross motion for summary judgment
dismissing the complaint on the ground that plaintiff failed to provide requested verification, and
denying, as academic, plaintiff's motion which had sought to compel discovery and dismiss
defendant's affirmative defenses.
Contrary to plaintiff's contention on appeal, the affidavit by plaintiff's owner in opposition to
defendant's cross motion for summary judgment was insufficient to raise a triable issue of fact.
While defendant's claims specialist stated that defendant had not received any of the documents
that defendant's verification requests sought to obtain, plaintiff's owner merely stated that he had
mailed the requested verification "to the extent such response was proper and in [his]
possession." Thus, [*2]plaintiff failed to demonstrate that it had
provided the requested verification or had set forth a reasonable justification for the failure to
comply with defendant's verification requests (see 11 NYCRR 65-3.8 [b] [3]).
Consequently, we find no basis to disturb the order (see CPM Med Supply, Inc. v State Farm Fire & Cas. Ins. Co., 63
Misc 3d 140[A], 2019 NY Slip Op 50576[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]).
Accordingly, the order is affirmed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2022