UGP Acupuncture, P.C. v Metlife Auto & Home (2022 NY Slip Op
50792(U))

[*1]

UGP Acupuncture, P.C. v Metlife Auto & Home

2022 NY Slip Op 50792(U) [76 Misc 3d 129(A)]

Decided on August 12, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 12, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-800 K C

UGP Acupuncture, P.C., as Assignee of
Fernandez-Genao, Veronica, Respondent,
against
Metlife Auto & Home, Appellant. 

Bruno, Gerbino. Soriano & Aitken, LLP (Nathan Shapiro of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J.
Montelione, J.), entered December 31, 2018. The order, insofar as appealed from, upon
reargument, adhered to that court's prior determination in an order dated November 2, 2017
denying the branches of defendant's motion seeking summary judgment dismissing the first and
third through sixth causes of action.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and, upon
reargument, the branches of defendant's motion seeking summary judgment dismissing the first
and third through sixth causes of action are granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint and plaintiff cross-moved for summary
judgment. By order dated November 2, 2017, the Civil Court, insofar as relevant to this appeal,
denied the branches of defendant's motion seeking summary judgment dismissing the first and
third through sixth causes of action. Defendant subsequently moved for leave to reargue the
branches of its motion seeking summary judgment dismissing the first and third through sixth
causes of action. By order entered December 31, 2018, the Civil Court granted the branch of
[*2]defendant's motion seeking leave to reargue and, upon
reargument, adhered to its prior determination.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the
ground that a provider's assignor had failed to appear for an examination under oath (EUO), an
insurer must demonstrate, as a matter of law, that it had twice duly demanded an EUO from the
assignor, that the assignor had twice failed to appear, and that the insurer had issued a timely
denial of the claims (see Interboro Ins.
Co. v Clennon, 113 AD3d 596, 597 [2014]; Parisien v Metlife Auto & Home, 54 Misc 3d 143[A], 2017
NY Slip Op 50208[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Palafox PT, P.C. v State Farm Mut. Auto.
Ins. Co., 49 Misc 3d 144[A], 2015 NY Slip Op 51653[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]). A review of the record demonstrates that defendant's papers
established proper mailing of the EUO scheduling letters and the denial of claim forms, as well
as the failure of plaintiff's assignor to appear for the EUOs. As a result, defendant established its
prima facie entitlement to summary judgment dismissing the complaint (see Interboro Ins.
Co. v Clennon, 113 AD3d at 597). Defendant did not need to toll its time to pay or deny the
claims at issue, as they were denied within 30 days of defendant's receipt of same, and the EUOs
had been scheduled prior to defendant's receipt of these claims. Thus, contrary to the
determination of the Civil Court, as the EUO scheduling letters were mailed prior to defendant's
receipt of plaintiff's claims at issue, there is not an issue of fact with respect to whether the EUOs
were scheduled in accordance with 11 NYCRR 65-3.5 (b) (see Excel Prods., Inc. v Ameriprise Auto & Home, 71 Misc 3d
136[A], 2021 NY Slip Op 50435[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]; City Anesthesia Healthcare, P.C.
v Erie Ins. Co. of NY, 70 Misc 3d 141[A], 2021 NY Slip Op 50135[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2021]; 11 NYCRR 65-3.5 [a], [d]; Appendix 13). In view
of the foregoing, plaintiff failed to raise a triable issue of fact in opposition to defendant's prima
facie showing.
Accordingly, the order, insofar as appealed from, is reversed, and, upon reargument, the
branches of defendant's motion seeking summary judgment dismissing the first and third through
sixth causes of action are granted.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2022