Wellness Plaza Acupuncture, P.C. v Nationwide Ins. (2022 NY Slip Op
50934(U))

[*1]

Wellness Plaza Acupuncture, P.C. v Nationwide Ins.

2022 NY Slip Op 50934(U) [76 Misc 3d 135(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DONNA-MARIE E. GOLIA, CHEREÉ A.
BUGGS, JJ

2021-131 K C

Wellness Plaza Acupuncture, P.C., as
Assignee of Guzman, Juan, Appellant,
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Maksim Leyvi and Richard Rozhik of counsel), for appellant.
Hollander Legal Group , P.C. (Allan S. Hollander and Christopher Volpe of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Nicholas
W. Moyne, J.), entered February 26, 2021. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from an order of the Civil Court granting defendant's motion for summary judgment dismissing
the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled
examinations under oath (EUOs), and denied plaintiff's cross motion for summary
judgment.
Contrary to plaintiff's contentions on appeal with respect to defendant's motion, the proof
submitted by defendant in support of its motion was sufficient to give rise to a presumption that
the EUO scheduling letters and denial of claim forms had been timely mailed (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]), and plaintiff failed to raise a
triable issue of fact with respect to the timeliness of the mailings. Plaintiff's contention that the
initial EUO scheduling letter, which was mailed prior to the receipt of the claims at issue [*2]here, was required to be sent to plaintiff's assignor within 15
business days of defendant's receipt of either the NF-2 form or a claim received from another
provider lacks merit (see 11 NYCRR 65-3.5 [b]; Appendix 13; UGP Acupuncture, P.C. v Metlife Auto
& Home, 76 Misc 3d 129[A], 2022 NY Slip Op 50792[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2022]; Metropolitan Surgical Servs., P.C. v 21st Century Ins. Co., 75 Misc 3d
141[A], 2022 NY Slip Op 50606[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2022]; Columbus Imaging Ctr., LLC v
Erie Ins. Co. of NY, 75 Misc 3d 137[A], 2022 NY Slip Op 50569[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2022]; City Anesthesia Healthcare, P.C. v Erie Ins. Co. of NY, 70 Misc 3d
141[A], 2021 NY Slip Op 50135[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]).
Accordingly, the order is affirmed.
WESTON, J.P., GOLIA and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022