Remedy Chiropractic, P.C. v Nationwide Ins. (2022 NY Slip Op 50935(U))

[*1]

Remedy Chiropractic, P.C. v Nationwide Ins.

2022 NY Slip Op 50935(U) [76 Misc 3d 135(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2021-148 K C

Remedy Chiropractic, P.C., as Assignee of
Charles-Leger, Jean-Michel, Appellant,
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Hollander Legal Group , P.C. (Allan S. Hollander and Christopher Volpe of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carolyn
Walker-Diallo, J.), dated October 9, 2020. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff had failed to provide
requested verification. Plaintiff opposed the motion and cross-moved for summary judgment. By
order dated October 9, 2020, the Civil Court granted defendant's motion and dismissed the
complaint on the ground that the action was premature due to plaintiff's failure to provide
requested verification, and denied plaintiff's cross motion.
Defendant demonstrated, prima facie, that it had timely mailed initial and follow-up requests
for verification (see St. Vincent's Hosp.
of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and that it had not
received all of the requested verification. In opposition, plaintiff's owner merely stated that he
had mailed the requested verification "to the extent such response was proper and in [his]
possession." In addition, the day after plaintiff's owner purportedly mailed its response to
defendant's verification requests, an attorney representing plaintiff provided part of the requested
verification, stating that plaintiff was not providing the [*2]remainder of defendant's requested verification because plaintiff
believed the remaining requests were objectionable. Thus, contrary to plaintiff's contention on
appeal, plaintiff failed to establish a triable issue of fact by demonstrating that it had provided the
requested verification or had set forth a reasonable justification for the failure to comply with
defendant's verification requests (see 11 NYCRR 65-3.8 [b] [3]). Consequently, we find
no basis to disturb the order (see Burke
Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co., 75 Misc 3d 143[A], 2022 NY
Slip Op 50623[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; CPM Med Supply, Inc. v State Farm Fire
& Cas. Ins. Co., 63 Misc 3d 140[A], 2019 NY Slip Op 50576[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022