Nassau Chiropractic Servs., P.C. v Travelers Indem. Co. (2022 NY Slip Op
50933(U))

[*1]

Nassau Chiropractic Servs., P.C. v Travelers Indem. Co.

2022 NY Slip Op 50933(U) [76 Misc 3d 135(A)]

Decided on September 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREÉ A.
BUGGS, JJ

2021-123 K C

Nassau Chiropractic Services, P.C., as
Assignee of Sabrina Hill, Respondent,
against
Travelers Indemnity Company, Appellant.

Law Office of Tina Newsome-Lee (Michael L. Rappaport of counsel), for appellant.
Sanders, Barshay and Grossman, LLC, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Patria
Frias-Colón, J.), dated November 12, 2020. The order denied defendant's motion for
summary judgment dismissing the complaint and defendant's subsequent motion for leave to
amend its answer and, upon such amendment, to amend its then-pending summary judgment
motion to include the additional ground asserted in defendant's amended answer.

ORDERED that the order is modified by providing that defendant's initial motion for
summary judgment dismissing the complaint is granted; as so modified, the order is affirmed,
without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiff had, among other
things, failed to appear for duly scheduled examinations under oath (EUOs). Subsequently
defendant moved for leave to amend its answer to assert that the limits of the insurance policy
had been exhausted and, upon such amendment, to amend its pending summary judgment motion
to assert the ground raised in the amended answer. By order dated November 12, 2020, the Civil
Court denied both motions. 
The affidavits submitted by defendant established that the EUO scheduling letters and the
denial of claim form had been timely mailed in accordance with defendant's standard office
practices and procedures (see St. Vincent's Hosp. of Richmond v Government Empls. Ins.
Co., 50 [*2]AD3d 1123 [2008]). In addition, the affirmations
submitted by defendant's attorneys, who were present in their offices to conduct the EUO of
plaintiff on the scheduled dates, were sufficient to establish that plaintiff had failed to appear on
those dates (see Hertz Corp. v Active
Care Med. Supply Corp., 124 AD3d 411 [2015]; NL Quality Med., P.C. v GEICO Ins. Co., 68 Misc 3d 131[A], 2020
NY Slip Op 50997[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). As a result,
contrary to the Civil Court's determination (see Eagle Surgical Supply, Inc. v Progressive Cas. Ins. Co., 21 Misc 3d
49 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]), defendant demonstrated its prima
facie entitlement to summary judgment (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]).
Plaintiff failed to raise a triable issue of fact in opposition to defendant's motion. In light of the
foregoing, defendant's initial motion should have been granted and its subsequent motion has
been rendered academic.
Accordingly, the order is modified by providing that defendant's initial motion for summary
judgment dismissing the complaint is granted.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 23, 2022