Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. (2022 NY Slip
Op 51217(U))

[*1]

Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins.
Co.

2022 NY Slip Op 51217(U) [77 Misc 3d 129(A)]

Decided on December 9, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-652 K C

Burke Physical Therapy, P.C., as
Assignee of Fonrose, Kyana, Appellant, 
against
State Farm Mutual Automobile Insurance Company,
Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Matthew P. Blum, J.), dated September 29, 2021. The order denied plaintiff's motion to
dismiss defendant's affirmative defenses and granted defendant's cross motion for
summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff
appeals from an order of the Civil Court denying, as moot, plaintiff's motion to dismiss
defendant's affirmative defenses and granting defendant's cross motion for summary
judgment dismissing the complaint on the ground that plaintiff failed to provide
requested verification.
Contrary to plaintiff's contention, the affidavit by plaintiff's owner submitted in
opposition to defendant's cross motion was insufficient to raise a triable issue of fact as
to whether plaintiff provided the requested verification (see Burke Physical Therapy, P.C. v
State Farm Mut. Auto. Ins. Co., 75 Misc 3d 143[A], 2022 NY Slip Op 50623[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). 
Contrary to plaintiff's remaining contention as to defendant's cross motion, the
exhibits annexed to defendant's reply papers do not demonstrate that plaintiff "did, in
fact, respond" to the verification requests. Among other things, as stated by defendant,
bringing documents to an examination under oath, but not allowing the insurer to copy
any such document, does not constitute providing those documents.
Accordingly, the order is affirmed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9,
2022